## THOMAS O. WINSLOW *vs.* JOHN W. LANE.

*Probable profits not a proper basis for damages.*

In this case the defendant covenanted to use all reasonable and proper diligence in the manufacture and introduction into the market of a patented invention, and that he would pay for said patent five thousand dollars from the net profits arising from the sale and manufacture thereof, as soon and as rapidly as such profits shall be realized from said sale. For a breach of the former covenant, the plaintiff would be entitled to at least nominal damages; if he would recover more the burden of proof is upon him to show the amount.

Probable profits are not a proper basis upon which to estimate damages and therefore, under the testimony as reported in this case, nominal damages only can be recovered.

ON EXCEPTIONS.

COVENANT BROKEN by alleged non-fulfilment of a written contract entered into November 7, 1871, whereby, in consideration of a conveyance to him of all the plaintiff's interest in a patent churn and meat-chopper, the defendant agreed and bound himself to "forthwith undertake the manufacture of the said patented invention, and the introduction of the same into the market," and to use all due diligence in doing so and to pay Mr. Winslow $5000

from the net profits "arising from the sale and manufacture" of these articles as soon and as rapidly as said profits are realized, and in case of failure to use such diligence the assignment and agreement were to be null and void. In case of disagreement, as to whether or not a proper degree of diligence had been used, there was a provision for a reference. The general issue was pleaded in defence with a brief statement of performance, the use of due diligence, a failure to realize any profits, and that no suit was contemplated or authorized by the agreement, but submission to referees with a penalty of forfeiture of all right to the patent and not of pecuniary damages. The plaintiff introduced testimony to show a lack of the requisite diligence on the part of the defendant, his abandonment of the manufacture, a refusal to refer the question, and a rejection of an offer of $5000 for the right to make and sell the churn and chopper in Illinois; but did not show the realization of any profits.

A nonsuit was ordered, to which the plaintiff excepted.

*William H. Clifford*, for the plaintiff.

*C. W. Goddard*, for the defendant.

DANFORTH, J. This is an action of covenant broken, in which a nonsuit was ordered upon the plaintiff's testimony. The first covenant in the instrument sued upon is as follows. "Be it known that I hereby agree and bind myself that I will forthwith undertake the manufacture of the said patented invention and the introduction of the same into the market, and that I will use all reasonable and proper diligence in the prosecution of said manufacture and introduction into the market." There is evidence of the admissions of the defendant that he did not use due diligence in the matter, and other testimony tending to show that he declined to have anything further to do with the patent. This, standing uncontradicted as it does, is sufficient to show a breach of the latter part of the covenant, and for this the plaintiff is entitled to recover at least nominal damages. If he would recover more than

this, the burden is still upon him to show that he has suffered more. The five thousand dollars, agreed to be paid in the covenant next following, cannot be taken as a measure of damages for a breach of the first. The payment of the amount specified depends upon the net profits arising from the sale. It may be that the damages could not exceed the five thousand dollars, as that is the extent of the plaintiff's interest in the contract, but it can come up to that amount only when the profits equal that. It may also be, that if in good faith the defendant might have realized that, or any less amount, as profits, the damages would correspond to such an amount. It is the profits, and that alone, in which the plaintiff has any interest, and some must have been made, or failed to have been made through the fault of the defendant, before plaintiff can recover more than nominal damages as above stated. In the case as it now stands there is no proof of profits realized or that might have been realized even with the greatest diligence. It is not sufficient that profits might probably have been made. Such profits are too uncertain and contingent, for a basis upon which to rest an estimate of damages. It appears from the testimony that the defendant had an offer of five thousand dollars for the State of Illinois. But it does not appear from the agreement that he was to sell territory, or that he was accountable for any profits arising from that source. His covenant was to use due diligence in the manufacture and sale of the invention, and the other covenant upon which rests his liability is, that he will pay as he realizes profits from the sale and manufacture.

But were it otherwise, a fair construction of the contract requires only the exercise of defendant's best judgment in making sales, and there is no proof that he did otherwise in rejecting this offer, but inasmuch as his interest required all the sales that could be advantageously made, the presumption is that in this respect he acted in good faith.

For the breach of covenant proved in this case the plaintiff is entitled to recover nominal damages at least, and such further damages as will equal an amount of profits which would have been

realized from the manufacture and sale of the patented invention named in the agreement sued, if the defendant had used such diligence as he covenanted to do, if any such shall be proved, not exceeding five thousand dollars and interest from the time it should have been paid according to the written agreement.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.